IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| AGV SPORTS GROUP, INC. | * | |
| Plaintiff | * | Civil Action No. 1:11-cv-00016-BEL |
| v. | * | |
| LEMANS CORPORATION | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**AGV SPORTS GROUP MOTION TO COMPEL
DOCUMENT PRODUCTION AND SUPPORTING MEMORANDUM**

Plaintiff AGV Sports Group, Inc. ("AGVSG") moves pursuant to Fed, R. Civ. P. 37 and Local Rule 104.8 for this Court to compel defendant LeMans Corporation ("LeMans") to produce documents, and in further support of this motion, states as follows.

AGVSG on February 4, 2011 served LeMans with a Request for Production of Documents. In many cases, as specified below, LeMans has not produced any responsive documents, and this Court shoudl compel the production. LeMans' responses to requests 1–4, 6, 7, 10–15, 17, 19, 20, 22, 23, 25–30 are deficient because LeMans failed to produce any documents from 2009-2011 and/or state that no responsive documents exist.[1]

**This Court Should Compel LeMans to Produce Responsive Documents**

**Request 7:**   AGVSG requested "Each document made, kept, sent or received by Jeff Fox which refers to AGVSG, AGV, or Michael Parrotte." LeMans responded "All responsive, non-privileged documents for the period 2004-2009 are attached hereto."

---

[1] Counsel for the parties agreed that LeMans' initial document production would include documents from 2004 through 2011.

- 2 -

Deficiencies: LeMans has produced only two (2) pieces of correspondence in response to this request. It is inconceivable that Jeff Fox "made, kept, sent or received" only two (2) emails between 2004-2009. Mr. Fox was instrumental in laying the groundwork for both the proposed licensing agreement and the $750,000 distribution agreement order. In addition, Mr. Fox was heavily involved in the August, 2006 NVP show which LeMans produced.

**Request 8:** AGVSG requested "Each document made, kept, sent or received by Fred Fox which refers to AGVSG, AGV, or Michael Parrotte." LeMans responded "None."

Deficiencies: AGVSG produced, in response to LeMans' document requests, emails from Michael Parrotte to Mr. Fox (Exhibit A hereto). LeMans knew these documents existed, but falsely responded "None" when AGVSG requested their production. Further, it is inconceivable that LeMans' CEO never "made, kept, sent or received" a single piece of correspondence referring to AGVSG, a multi-million dollar apparel brand which LeMans exlusively distributed in North America for more than 12 years.

**Request 9:** AGVSG requested "Each document made, kept, sent or received by Lynne Severson which refers to AGVSG, AGV, or Michael Parrotte." LeMans responded "None."

Deficiencies: AGVSG produced, in response to LeMans' document requests, documents which were either sent, received, or include Ms. Severson's name. LeMans knew these documents existed, but falsely responded "None" when AGVSG requested their production. Further, Ms. Severson's name is mentioned numerous times in documents attached to emails produced by LeMans. Specifically, Ms. Severson's name is listed as the signatory on a document titled "Agreement Regarding Orders" (Exhibit B hereto). It is inconceivable that LeMans' Vice President of Administration, who was intimately involved in the AGVSG-LeMans relationship, would not have "made, kept, sent or received" any relevant documents.

**Request 10:**   AGVSG requested "Each document made, kept, sent or received by Jeff Hart which refers to AGVSG, AGV, or Michael Parrotte."  LeMans responded "All responsive, non-privileged documents for the period 2004-2009 are attached hereto."

Deficiencies:   AGVSG produced, in response to LeMans' document requests, several documents which are responsive to this request, but which LeMans failed to produce (examples attached hereto as Exhibit C).  It is therefore likely that additional documents exist which LeMans has failed to identify and produce.

**Request 11:**   AGVSG requested "Each document made, kept, sent or received by Lou Lopez which refers to AGVSG, AGV, or Michael Parrotte."  LeMans responded "All responsive, non-privileged documents for the period 2004-2009 are attached hereto."

Deficiencies:   AGVSG produced, in response to LeMans' document requests, several documents which are responsive to this request, but which LeMans failed to produce (examples attached hereto as Exhibit D).  It is hard to believe that LeMans' National Sales Manager would not have "made, kept, sent or received" any documents around the time of the August, 2006 NVP show.

**Request 12:**   AGVSG requested "Each document made, kept, sent or received by Matt Mueller which refers to AGVSG, AGV, or Michael Parrotte."  LeMans responded "All responsive, non-privileged documents for the period 2004-2009 are attached hereto."

Deficiencies:   AGVSG produced, in response to LeMans' document requests, several documents which are responsive to this request, but which LeMans failed to produce (examples attached hereto as Exhibit E).  It is therefore likely that additional documents exist which LeMans has failed to identify and produce.

**Request 23:**   AGVSG requested "Each document referring or relating to the inventory of AGVSG and/or AGV products, in the possession of LeMans, including but not limited to Parts Unlimited and Dennis Kirk, made or kept at any LeMans location including the location of all LeMans subsidiaries, affiliates, and dealers."  LeMans responded "This party objects to this request as it pertains to Dennis Kirk and LeMans' other dealers and refuses to respond as it seeks documents not relevant to this lawsuit and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. LeMans' dealers are not subsidiaries of LeMans. With regard to the remainder of the request, all responsive, non-privileged documents for the period 2004-2009 are attached hereto."

Deficiencies:   The Federal Rules of Civil Procedure do not allow LeMans to "refuse[] to respond" to a discovery request.  Instead, LeMans is required to respond to each request, and its "response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2).  Further, LeMans has no authority to determine whether the requested documents are relevant or reasonably calculated to lead to the discovery of admissible evidence.

**Request 24:**   AGVSG requested "Each document relating to the manufacture, purchase or distribution (including planning for manufacture, purchase or distribution) by or for LeMans of any item which LeMans distributed or sold in place of the products or items represented or promoted by AGVSG."  LeMans responded "None, LeMans did not 'replace' AGV."

Deficiencies:   AGVSG's request does not allege or imply that LeMans "replaced" AGV. It is hard to believe that LeMans did not somehow fill the product void after LeMans terminated the distributorship agreement with AGVSG in August, 2009.

**Request 26:**   AGVSG requested "Each document which supports or refutes any defense to the Complaint."  LeMans responded "All responsive, non-privileged documents for the period 2004-2009 are attached hereto."

Deficiencies:   AGVSG has documents – which LeMans has not produced – which refer to the licensing agreement and the continuing AGVSG-LeMans business relationship based on the original distribution agreement, which are clearly responsive and relevant to AGVSG's document request.  Further, LeMans has failed to produce any documents to support its affirmative defenses of statute of limitations, failure to perform, and clean hands.

This Court accordingly as set out above should compel LeMans to produce documents.

Dated: August 15, 2011.

Respectfully Submitted,

| | |
|---|---|
| /s/ W. Michael Jacobs | /s/ J. Stephen Simms |
| W. Michael Jacobs (#3239) | J. Stephen Simms (#4269) |
| LAW OFFICE OF W. MICHAEL JACOBS | Marios J. Monopolis (#29177) |
| 30 Corporate Center, Suite 300 | SIMMS SHOWERS LLP |
| 10440 Little Patuxent Parkway | 20 South Charles Street, Suite 702 |
| Columbia, Maryland  21044 | Baltimore, Maryland 21201 |
| Phone: 410-740-5685 | Telephone:    410-783-5795 |
| Email:   mjacobslaw@gmail.com | Facsimile:    410-510-1789 |
| | Email:  jssimms@simmsshowers.com |
| | mjmonopolis@simmsshowers.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2011, a copy of the foregoing was served on LeMans counsel, by email, .pdf and MS Word copy, as agreed between the parties.

/s/ J. Stephen Simms