UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 16, 2013

LETTER TO COUNSEL:

      RE:    *AGV Sports Group, Inc. v. LeMans Corporation;*
              Civil No. GLR-11-0016

Dear Counsel:

      Plaintiff AGV Sports Group, Inc. ("Plaintiff") has sued Defendant LeMans Corporation ("LeMans").[1] LeMans was a distributor of Plaintiff's sports and recreational products. Pl. Compl. ¶ 5. Plaintiff and LeMans entered into a written exclusive distributorship agreement, which expired in 2006. *Id.* ¶ 6, 8. When the agreement expired, Plaintiff and LeMans began negotiating the terms of a new agreement, whereby LeMans would become the exclusive licensee of Plaintiff's products. *Id.* ¶ 8. During negotiations, Plaintiff alleges that Jeff Fox, President of LeMans, orally agreed with Plaintiff to continue their relationship consistent with all previous terms, including the notice of termination provision. *Id.* Plaintiff alleges that LeMans breached its exclusive distributorship contract with Plaintiff by cancelling a 2008 order without the requisite notice, and that Plaintiff relied to its detriment on LeMans's representations that it intended to enter a new licensing agreement. *Id.* ¶ 27, 28, 32.

      Plaintiff has filed a Motion to Compel Document Production ("Motion"). [ECF No. 60-1]. I have considered that Motion, LeMans's Opposition [ECF No. 60-7], and Plaintiff's Reply thereto [ECF No. 60-8]. This Court has also considered LeMans's supplemental filing regarding its search procedures [ECF No. 66], and Plaintiff's supplemental filing updating the Court on the status of its Motion [ECF No. 69]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiff's Motion is granted in part and denied in part.

      In its Motion, Plaintiff notes that LeMans's responses were insufficient as to the following Requests for Production: 1-4, 6, 7, 10-15, 17, 19, 20, 22, 23, and 25-30. However, Plaintiff's Motion only substantively addresses document request numbers 7-12, 23, 24, and 26. Plaintiff has not provided this Court with a complete copy of the Requests that it served on LeMans. This Court, therefore, will only provide a ruling on the requests substantively discussed by Plaintiff, namely request numbers 7-12, 23, 24, and 26. Each request is addressed below.

---

[1] This case has been referred to me by Judge Russell for discovery and related scheduling matters. [ECF No. 61].

### (1)   Request for Production Nos. 7, 9, 10, 11, 23, 26

Plaintiff requested all documents made, kept, sent, or received by Jeff Fox, Lynne Severson, Jeff Hart, and Lou Lopez that refer to AGVSG, AGV, or Michael Parrotte. Pl. Mot. 1, 3. Plaintiff also requested documents relating to Plaintiff's inventory, and all documents supporting or refuting any defense to the complaint. *Id.* at 4, 5. Essentially, Plaintiff argues that LeMans must have additional responsive documents in its possession, and that those documents should be produced. This argument fails.

When a party seeks to compel discovery, it must "demonstrate that the documents they seek to compel do, in fact, exist and are being unlawfully withheld." *See Bethea v. Comcast*, 218 F.R.D. 328, 329-30 (D.D.C. 2003). "A party's suspicion that another party has failed to respond to document requests fully and completely does not justify compelled [production]." *Id.*; *see Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2012 WL 4097748, at *2 (N.D. Cal. Sept. 17, 2012) (holding that courts cannot compel production of documents that do not exist). LeMans argues that it has produced all documents responsive to Plaintiff's request for documents relating to the complaint, its inventory, and Jeff Fox. Plaintiff has not demonstrated that LeMans failed to produce any documents responsive to those requests; it merely suspects that LeMans has not produced responsive documents. In the absence of evidence showing that LeMans failed to produce responsive documents in its possession, Plaintiff's Motion must be denied.

As for Plaintiff's requests relating to Jeff Hart and Lou Lopez, Plaintiff has attached several emails to its Motion, and argues that LeMans's failure to produce those emails signifies a more expansive failure by LeMans to produce relevant documents. However, the relevance of those emails is not readily apparent, and Plaintiff has failed to establish their relevance in its Motion. "When a party seeks to compel discovery, it first has the burden of demonstrating the relevance of the information to the lawsuit." *Bethea*, 218 F.R.D. at 329. The emails relating to Jeff Hart refer to a potential competitor and logistical information regarding various meetings. *See* Pl. Mot. Ex. C. Although the Jeff Hart emails establish the fact that LeMans and Plaintiff communicated with each other regularly in 2007, the communications do not clearly relate to Plaintiff's claims. Similarly, Plaintiff has failed to prove that the documents highlighted in Exhibit D, which relate to Lou Lopez, are relevant. Facially, the documents do not appear to be related to the issues in this case, and Plaintiff has provided no explanation for why those documents are relevant. *See* Pl. Mot. 7. In fact, the emails attached by Plaintiff as Exhibits C and D exemplify the fact that Plaintiff's requests are overbroad, because the emails could be considered "responsive" to the requests, but they are not relevant to this case. LeMans need only produce documents relevant to the claims and defenses in this lawsuit. *See* Fed. R. Civ. P. 26(b).

Plaintiff next argues that LeMans failed to produce a document that lists Ms. Severson as the signatory. LeMans argues that this document was not made, kept, sent, or received by Ms. Severson. Opp'n 2. Rather, the document was drafted for Ms. Severson's signature, but she never signed, received, or sent the document. *Id.* LeMans further argues that it has searched its files, and can find no additional responsive documents. Accordingly, Plaintiff has failed to prove that relevant documents have not been produced by LeMans. Similarly, Plaintiff has not

established that LeMans has possession of any additional documents relating to its requests for inventory information and information relating to the complaint. Because Plaintiff has failed to prove that LeMans has not produced responsive documents in its possession, Plaintiff's Motion is denied.[2]  *See Bethea*, 218 F.R.D. at 329-30.

### (2) Request for Production No. 8

Plaintiff requested "[e]ach document made, kept, sent or received by Fred Fox which refers to AGVSG, AGV, or Michael Parrotte." Pl. Mot. 2. Plaintiff argues that LeMans responded by stating that it had no responsive documents, even though Plaintiff had produced emails from Mr. Parrotte to Mr. Fox. *Id.* at 2. Plaintiff further argues that it is "inconceivable" that Fred Fox has no documents referring to Plaintiff. *Id.* LeMans argues that it did not originally discover the one document that Plaintiff argues should have been produced. However, when it did discover that document, LeMans supplemented its production and sent the document to Plaintiff. Opp'n 2. In its Reply, Plaintiff argues that LeMans's belated production of that document "strongly brings into question the quality of LeMans' search and/or LeMans' document retention policy." Reply 3. However, there is no indication that LeMans has failed to produce other documents in its possession that are responsive to this request. As explained above, this Court cannot compel production of documents simply because their existence is suspected by Plaintiff. *See Bethea*, 218 F.R.D. at 329-30. Plaintiff's Motion is denied.

### (3) Request for Production No. 12

Plaintiff also seeks to compel "[e]ach document made, kept, sent or received by Matt Mueller which refers to AGVSG, AGV, or Michael Parrotte." Pl. Mot. 3. Plaintiff attaches communications as Exhibit E in an attempt to prove that LeMans has failed to produce responsive documents. *Id.* Although Plaintiff's request is overbroad, and some of the emails highlighted by Plaintiff are not relevant to this case, some of the emails may shed light on the parties' business dealings in early 2008, when LeMans allegedly failed to fulfill its 2008 product order. Pl. Mot. Ex. E. Therefore, some of those communications may be relevant, and Plaintiff's motion is granted.

This Court orders LeMans to produce any additional communications that could relate to the parties' business dealings after the parties' written agreement expired in 2006, if such communications exist. It should be noted that despite Plaintiff's apparent belief to the contrary, it is not entitled to discover all communications between Mr. Mueller and Plaintiff, because some of those communications are not relevant. For example, LeMans likely did not breach its

---

[2] Plaintiff's concerns seem to stem from the alleged dearth of communications produced by LeMans relating to the exclusive licensing agreement and the 2008 order that LeMans did not fulfill. Reply 6. However, the relationship between those topics and the communications highlighted by Plaintiff is not readily apparent. Plaintiff's other concerns regarding the potential destruction of evidence, set forth in its Rule 104.7 certificate, are not best addressed in a motion to compel. LeMans has represented that it has produced all responsive documents in its possession, and has described an adequate search of its existing records. This Court cannot compel LeMans to produce documents it does not have.

discovery obligations by failing to produce an email from Mr. Mueller to Plaintiff telling Plaintiff that he was out of the office due to a huge snow storm. *See* Pl. Mot. Ex. E. LeMans must only produce communications relating to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b).

### (4) Request for Production No. 24

Plaintiff has also requested "[e]ach document relating to the manufacture, purchase, or distribution (including planning for manufacture, purchase or distribution) by or for LeMans of any item which LeMans distributed or sold in place of the products or items represented or promoted by [Plaintiff]." Pl. Mot. 4. LeMans did not produce any documents pursuant to this request, noting that it "did not distribute or sell products in place of any products represented or sold by [Plaintiff]." Opp'n 5. Plaintiff did not include Request No. 24 in its Reply. Even if Plaintiff still contests LeMans's lack of production, Plaintiff has received a full response to its request. Therefore, Plaintiff's motion is denied.

For the reasons set forth herein, Plaintiff's Motion to Compel (ECF No. 60-1) will be GRANTED IN PART and DENIED IN PART. LeMans should provide the responses required herein on or before **July 30, 2013**.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge